```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )         4:05CR3143
                                )
        v.                      )
                                )
LISA MCGINN,                    )         REPORT AND RECOMMENDATION
                                )
                Defendant.      )
                                )

Defendant Lisa McGinn has moved to dismiss the indictment against her. Filing 24. She claims the indictment is legally insufficient on its face because it does not comply with Rule 7(c)(1) of the Federal Rules of Criminal Procedure, fails to inform her of the charges she must defend, and fails to provide sufficient notice as to the means by which the government alleges the crime was committed. See filing 24, ¶¶ 1-3.

An indictment is sufficient if it includes the elements of the offense, provides adequate notice of the charge, and enables the defendant to plead double jeopardy as a bar to further prosecution. Hamling v. United States, 418 U.S. 87 (1974); United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002); United States v. Diaz-Diaz, 135 F.3d 572, 575-76 (8th Cir. 1998). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." Hernandez, 299 F.3d at 992.

The indictment alleges Thomas McGinn was scheduled to begin serving a court-ordered sentence for violating the terms of his supervised release imposed in United States v. Thomas McGinn,

4:99 CR 3074.  The sentence surrender date was set for August 8, 2005.  The indictment alleges Thomas McGinn and Lisa McGinn violated "Title 18 United States Code, Sections 3146(a)(2) and 2" in that "[o]n or about August 9, 2005, in the District of Nebraska the Defendants, Thomas F. McGinn and Lisa McGinn . . . did knowingly and wilfully fail to surrender for service of the sentence ordered by the Court.  See filing 1.

    18 U.S.C. § 3146(a)(2) states that "[w]hoever, having been released under this chapter knowingly. . . fails to surrender for service of sentence pursuant to a court order. . . shall be punished as provided in [18 U.S.C. § 3146(b)]."  To establish a violation of 18 U.S.C. § 3146, the government must prove the defendant: (1) was released pending judicial proceedings; (2) was required to appear in court; (3) was aware of his required appearance; (4) failed to appear as required; and (5) was willful in his failure to appear.  <u>United States v. McGill</u>, 604 F.2d 1252 (9th Cir. 1979)(relied on by <u>United States v. Morris</u>, 230 F.3d 1364, 2000 WL 1280361, *1 (8th Cir. 2000)(unpublished)).

    The indictment in this case alleges Thomas McGinn was released pursuant to Chapter 207 of Title 18 of the United States Code (the "Bail Reform Act of 1984," 18 U.S.C. §§ 3141-56) pending commencement of his sentence for violating the terms of his supervised release, was directed by the Court to report to the United States Marshal for the District of Nebraska on August 8, 2005 at 2:00 p.m. to begin serving his court-ordered sentence, and knowingly and wilfully failed to appear.  The indictment therefore alleges each of the essential elements of the substantive criminal offense of violating 18 U.S.C. § 3146(a)(2).

Under 18 U.S.C. § 2, an aider and abetter in a criminal activity may be held liable as a principal. United States v. Fultz, 602 F.2d 830, 833 (8th Cir. 1979). "A person aids or abets another in a crime 'if [she] knowingly and willfully associates [herself] in some way with the criminal venture, with the intent to commit the crime, willfully participates in it as something [she] wishes to bring about, and willfully seeks by some action of [hers] to make it succeed.'" United States v. Wedelstedt, 589 F.2d 339, 349 (8th Cir. 1978). "An aider and abetter may be indicted directly with the commission of the substantive crime," (Nassif v. United States, 370 F.2d 147, 155 (8th Cir. 1966)), and where the defendant is indicted as a principal under 18 U.S.C. § 2, the indictment "need not specifically allege that [the defendant] aided and abetted in the commission of the crime," (United States v. Good Shield, 544 F.2d, 950, 952 (8th Cir. 1976)), nor state "how and in what manner the defendant aided and abetted another in the commission of an offense against the United States." United States v. Garrison, 527 F.2d 998, 999 (8th Cir. 1975)(citing Coffin v. United States, 156 U.S. 432, 448 (1894); United States v. Simmons, 96 U.S. 360, 363 (1878); Hale v. United States, 25 F.2d 430, 434 (8th Cir. 1928). "[A] person may be convicted as an aider and abettor even though the indictment does not specifically charge [her] in that capacity." United States v. Lugo-Baez, 412 F.2d 435, 440 (8th Cir. 1969).

The indictment against Lisa McGinn and Thomas McGinn alleges Thomas McGinn violated 18 U.S.C. § 3146(a)(2), and that both defendants knowingly and willfully committed this criminal conduct. Though the indictment does not use the words "aid and abet," specifically explain that Lisa McGinn is being charged as an aider and abettor in Thomas McGinn's failure to appear, or

3

describe the government's basis for claiming she aided and abetted Thomas McGinn in committing the crime, the indictment provides Lisa McGinn with notice of the essential elements of the indictment against her, and sufficiently charges her as a principal in violating 18 U.S.C. § 3146(a)(2) and 18 U.S.C. § 2. The defendant's motion to dismiss the indictment as facially defective should therefore be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Lyle E. Strom, United States District Judge, pursuant to 28 U.S.C. §636(b)(1)(B), that the defendant's motion to dismiss, filing 24, be denied in all respects.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

DATED this 24th day of April, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

4